IRA E. WHISLER v. DRAIN COMMISSIONER OF LENAWEE
COUNTY.

*Proceedings to lay out a drain.*

Proceedings to establish a drain under Act 169 of 1871 are void if
the drain commissioner has not tried in the particular case to
obtain a release of the right of way and of other damages from
the owners of land through which the drain must pass.

CERTIORARI to drain commissioner.    Submitted April
10.   Decided April 22.

*Millard & Bean* for plaintiff in certiorari.

COOLEY, J.   The writ of certiorari in this case is sued
out to review the action of the drain commissioner in
laying out and establishing a drain under the act "to
provide for the draining of swamps, marshes and other
low lands," approved March 22, 1869, as amended by act
No. 169 of 1871.   General Laws of 1871, Vol. 1, p. 257.
Among the requirements of the act last mentioned is
one that the commissioner after making personal exam-
ination of the lands proposed to be drained, shall "try
to obtain a release of the right of way and other dam-
ages from every person through whose land such drain
or drains are to pass."   This effort was not made in
this case.   It appears from the report of the commis-
sioner that he had tried to obtain such a release some
three months before the application in this case was
made, but that effort had no connection with this case,
and cannot avail.   It could have had no connection
with this case, because no such case was then in exist-
ence.

As the effort to obtain a release from the owners of
lands is a condition precedent to any further step in the
case, the proceedings which took place without it were

invalid. *Arnold v. Decatur* 29 Mich., 77; *Chicago etc. R. R. Co. v. Sanford*, 23 Mich., 418.

The proceedings must be quashed.

The other Justices concurred.